UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

GARY LEE WILLIAMS, JR., )
)
         Plaintiff, )
vs. ) 2:10-cv-0166-WTL-DML
)
EDWIN BUSS, et al., )
)
         Defendants. )

**Entry Discussing Motion for Summary Judgment**

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

The defendants' motion for summary judgment (dkt 15) is based on their showing that, as to the claims asserted pursuant to 42 U.S.C. § 1983, the plaintiff failed to comply with the exhaustion requirement prior to bringing this action by properly utilizing the prison's grievance process. The plaintiff has not responded to this argument. The evidentiary record shows that the plaintiff contacted various prison officials and administrators with his concerns. Such self-help measures, however, are the antithesis of "strict compliance" with the exhaustion requirement of the PLRA and fall at best in the realm of "substantial compliance," which the Court of Appeals has rejected as an adequate showing of exhaustion. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002) (holding that the doctrine of substantial compliance could not be recognized as a means of satisfying the statutory exhaustion requirement).

Accordingly, the motion for summary judgment must be **granted** as to the federal claims which are asserted and such claims must be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004).

As to the claims asserted under Indiana state law, the retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a). Normally, when "all federal claims are dismissed before trial, the district court should relinquish jurisdiction over

pendent state-law claims rather than resolving them on the merits." *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). The general rule will be followed here, and the court declines to address the defendants' argument that any supplemental state law claim lacks merit.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/17/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana